COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Annunziata and Senior Judge Cole


JAMES H. MEADOWS
                                        MEMORANDUM OPINION*
v.    Record No. 1306-00-3                 PER CURIAM
                                          OCTOBER 10, 2000
BEAR RIDGE MINING, INC.,
 LIBERTY MUTUAL INSURANCE COMPANY, AND
 AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Gerald F. Sharp, on brief), for appellant.

          (John C. Johnson; Catherine I. Henritze;
          Frith, Anderson & Peake, P.C., on brief), for
          appellees Bear Ridge Mining, Inc. and
          Liberty Mutual Insurance Company.

          (S. Vernon Priddy, III; Sands, Anderson,
          Marks & Miller, on brief), for appellees
          Bear Ridge Mining, Inc. and American
          International South Insurance Company.


     James H. Meadows (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that he sustained an injury by accident arising out of and in

the course of his employment on September 15, 1998, or in the

alternative, that he sustained a change-in-condition on

September 15, 1998 causally related to his compensable March 26,

1997 injury by accident.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

_____
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

## Injury by Accident

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant's evidence failed to prove that he sustained an obvious sudden mechanical or structural change in his body as a result of the September 15, 1998 incident.  In so ruling, the commission found as follows:

> The only evidence tending to establish that the claimant suffered a sudden mechanical or structural change on September 15, 1998, is the claimant's testimony that he was "jerked" by the rub rail when it came of [sic] its hinges, that it "hurt" him in his back and that he felt different afterwards, with increasing pain.

-

The medical evidence does not support the claimant's testimony, however. As to direct evidence of a sudden structural or mechanical change we have only Dr. [Alain] Desy's opinion. Dr. Desy clearly and unequivocally opines that the claimant did not suffer a structural or mechanical change as a result of the incident on September 15, 1998. Dr. Desy based his opinion largely upon the fact that imaging of the claimant's lumbar spine has remained unchanged since his 1994 accident, and the lack of objective evidence to support the claimant's ongoing claim of disability.

Dr. [Emile] Khuri did not directly address the question of structural or mechanical change, and seems to attribute the claimant's medical disability to an aggravation of undetermined preexisting back problems. Dr. Khuri opined that the claimant's current disability was related to the September 15, 1998, injury, as it "most probably" aggravated his "back situation." Dr. Khuri noted that claimant's unspecified previous back pain and injury, and opined that lifting the rub rail "could have" aggravated his back problem.

The medical evidence, taken as a whole, does not suggest that the claimant suffered a sudden structural or mechanical change either. The claimant has undergone extensive radiographic and MRI imaging since at least 1994, when he was treated for another low back injury. Since that time, each successive set of images has been compared to the previous set in an attempt to determine what is causing the claimant's condition. Without dispute, each of the claimant's physicians has noted that the claimant's lumbar spine has shown no change during the intervening period.

In light of the opinions of Drs. Desy and Khuri, coupled with the lack of any objective medical evidence establishing a mechanical or structural change in claimant's back after the

-

September 15, 1998 incident, the commission, as fact finder, was entitled to weigh the medical evidence against claimant's testimony and to conclude that claimant failed to prove he sustained a new injury by accident on September 15, 1998. Based upon this record, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

### Change-in-Condition

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko, 210 Va. at 699, 173 S.E.2d at 835.

The commission ruled that although claimant had proven a change in his capacity to work after the September 15, 1998 incident, he failed to prove that such change resulted from a condition causally related to his March 26, 1997 compensable back injury. In so ruling, the commission found as follows:

> [Claimant] has suffered low back pain since 1987, and has required treatment for such problems in 1987, 1989, 1991, and 1994,

-

prior to his March 26, 1997, accident. Since March 26, 1997, but prior to the alleged aggravation on September 15, 1998, the claimant has had at least one other low back injury that required treatment and the imposition of medical restrictions. The claimant himself testified that he has had ongoing problems with his back, and that working in the mines gives you back trouble "most of the time."

. . . Dr. Khuri opined that the claimant's injury was related to the September 15, 1998, accident. However, he qualified his opinion by stating that the September, 1998, injury "most probably" aggravated "his back situation" from "previous back injuries." He also stated that lifting the rub rail "could have" aggravated the claimant's back problem. Despite being given the opportunity to do so, Dr. Khuri did not directly attribute the claimant's disability to the March 26, 1997, accident. Considering the claimant's extensive history of prior back problems, Dr. Khuri's vague opinion that the September 15, 1998, injury "could have" aggravated his "back situation" or "previous back injuries," clearly encompasses any previous low back injuries, both compensable and non-compensable, from 1987 to 1998.

Though Dr. Desy opined that the claimant's low back problems were "more probably" related to the March 26, 1997, injury, he qualified his opinion by stating that the claimant's problems could have been related to his accident in 1994, or an aggravation of a pre-existing condition of unknown origin. He believed that the claimant's problems stemmed from "repeated injury" at work, and stated that it was "impossible to determine" which event was the initial injury.

The commission's findings are amply supported by the record. In light of the lack of any persuasive medical opinion

-

directly linking claimant's change in his capacity to work after September 15, 1998 to his compensable March 26, 1997 injury by accident, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>